The Haiku Sugar Company *et al. v.* T. N. Birch, Tax Collector.

## SUPREME COURT—IN BANCO.

### APRIL TERM—1880.

*Harris, C. J., and McCully, J.*

THE HAIKU SUGAR COMPANY ET AL. *vs.* T. N. BIRCH, TAX COLLECTOR.

#### ON EXCEPTIONS.

THE PLAINTIFFS and others were partners in a "Ditch Company," having a concession from the Government of the right to take water from certain streams, and the company having constructed their ditch, the plaintiffs were irrigating their lands with water therefrom. The plaintiffs had a separate conveyance for their right to a certain share of the water ;

HELD, that they were not riparian proprietors, and, they not having treated their interest in the water from the ditch as appurtenant to their land, the property of the Ditch Company was rightly taxed as a distinct piece of property.

Opinion of the Court by McCULLY, J.

Referring for the statement of the matter here in contro-

versy to the opinion delivered by the Chief Justice at the hearing (at *nisi prius*) in which I entirely concur, I observe on the points presented by the plaintiffs who are the appellants on the appeal, they state facts to be that the plaintiffs as owners of their respective plantations were taxed on the value of those plantations at least twice as much as heretofore on account of their connection with and right to use the water flowing in a ditch owned by the plaintiffs as partners under the firm name of "The Hamakua Ditch Company."

But the testimony of Mr. Stirling the assessor, does not accord with the statement. He says: "I taxed the cane land of Haiku Sugar Company at the usual rate, $100 an acre for land under cane, and the other land not under cane but fit for sugar culture, at $20 an acre. Had I not assessed the ditch separately I would have assessed the uncultivated lands differently, I would have assessed higher, I would have assessed land thoroughly irrigated at $200 an acre. The same answer will apply to Grove Ranch, Baldwin's and other adjoining land owners."

I do not find any testimony as against this that the rate of assessment in previous years had been half the rate or any proportion less, but if the rate now stands higher than it did several years ago, it may be charged to the general enhancement in the value of real estate in the Kingdom, to the operation of the Act of 1876, requiring assessments to be at the "full cash valuation" of all property, and to the personal judgment of the assessor for the year, neither do we find any testimony to show that other land in the district of like character with that of the plaintiffs the property of non-shareholders in the ditch and not irrigable from it is rated at lower and different rates.

We must therefore conclude that as a matter of fact the assessor did not combine the value of the ditch with the value of the land of the plaintiffs, and assess the entire value once as an appurtenance and again as separate property. This would

be an answer to the position of the plaintiffs that the several interests of the plaintiffs are appurtenant to their several plantations, and ought to have been taxed together, that they were separated by the assessor and singly taxed each. once.

The rights of parties herein are unlike the rights of riparian proprietors, and equally unlike the rights of irrigation appurtenant to land from ancient watercourses. The argument of counsel to establish that the shares of the plaintiffs were appurtenant to the lands owned by them was based on the fact that the water of the ditch at the present time was entirely appropriated by the partners in the Ditch Company, and none sold to third parties, but counsel were unable to say that any partner could not sell his share of water to be used elsewhere than on his own land that any surveyed acre of these plantations could not be sold without a proportional share of the water, and that it would be so intended without an express conveyance of such a share to the ditch. No essential difference is found in the character of the ditch property in this case from the case of a partnership or a single owner of a ditch constructed for the purpose of offering water for sale at a price per inch to whoever might purchase it. In this case the purchasers of the water are coincident with the partners and each taking according to his share in the company, and the company selling no water to outside parties, no partner has anything to receive or to pay, except perhaps assessments for repairs. Upon examining the deeds of conveyance of certain shares of plantations enjoying the use of this water it is noticeable that there is a distinct sale and assignment of the grantor's share and interest in the Hamakua ditch. In the deed from Hobron to W. O. and H. Smith, such a distinct sale is made, and the grantors are constituted his attorneys in fact to secure his rights under the concession of the Government to the Ditch Company and in the partnership. The plaintiffs have not, therefore, considered their interest in the water as

appurtenant to their land, and to pass by a common convey-ance of land and its appurtenances.

Furthermore, I observe in the original concession by the Hawaiian Government, of the right to take the water of certain streams lying within Government lands, that the privilege is reserved of buying the ditch aqueducts, bridges and pipes at cost, and thereafter furnishing irrigation to the proprietors at a limited rate annually per acre, and this does not comport with the character claimed of a right of water appurtenant to the land. But without such a right of resumption, the grant was for a term of years and would expire by its own limitation, and its essential character has not been changed by a later concession giving a perpetual franchise at a higher rate.

There is a significant fact besides to distinguish this from an appurtenant right of water, that the Ditch Company own the piece of land called Olopana. It will hardly be claimed that this is appurtenant to any or all of the plaintiffs' lands. Washburn, R. P. Vol. 3, pp. 394–5.

It follows from the foregoing views that the property of the Hamakua Ditch Company could not be taxed as merged in other property of the partners and rightly it was taxed as a distinct piece of property.

The judgment of the Chief Justice must be affirmed.

Messrs. Hartwell, Austin, and Castle & Hatch for plaintiffs. Attorney General Preston for defendant.